OPINION OF THE COURT
Per Curiam.
Order, entered January 8, 2013, insofar as appealed from, affirmed, with $10 costs.
The action seeks recovery of just under $3,500 in assigned first-party no-fault benefits arising from a surgical procedure performed by plaintiff on its assignor following the latter’s involvement in a vehicular accident. Defendant insurer interposed an answer containing 48 affirmative defenses, including the defense of lack of medical necessity, and contemporaneously served discovery demands on plaintiff, including a set of 22 written interrogatories, an expert witness demand, and notices for oral deposition and discovery and inspection. Plaintiff timely responded to defendant’s notice for discovery and inspection and provided answers to the interrogatories, to which defendant voiced no objection. Based in part on the information yielded from its discovery demands, defendant moved for summary judgment dismissing the complaint on the ground of lack of medical necessity. As alternative relief, defendant sought to compel plaintiff to produce the treating medical provider for deposition. Civil Court denied defendant’s motion in toto. On appeal, defendant abandons any claim of entitlement to summary judgment, and would have us reverse that portion of the order denying its alternative request to compel the deposition of the treating provider.
Upon our review of the record, we find no abuse of discretion in the denial of defendant’s motion to compel. Granted, there may be situations where a deposition of a treating medical provider is material and necessary to the issues raised in a first-party no-fault action. However, on this record, which includes the treating provider’s operative report turned over during discovery and a medical affidavit—explaining the medical rationale for the underlying surgical procedure—submitted by plaintiff in opposition to defendant’s summary judgment mo *67 tion, defendant failed to set forth an articulable need for the medical provider’s deposition (see Vladimir Zlatnick, M.D., P.C. v Government Empls. Ins. Co., 2 Misc 3d 347 [2003]; see generally Bassett v Bando Sangsa Co., 94 AD2d 358, 360-361 [1983], appeal dismissed 60 NY2d 962 [1983]; cf. New Era Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co., 24 Misc 3d 134[A], 2009 NY Slip Op 51396[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]). In the circumstances here presented, and in view of Civil Court’s broad protective powers to prevent unreasonable or duplicative disclosure in actions where, as here, the amount in dispute is relatively small (see Patrick M. Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C3103:6 at 560-561), we have no cause to disturb the discretionary determination made by the court in connection with defendant’s ancillary discovery motion. In the realm of no-fault litigation, a defendant insurer
“is not entitled to serve an EBT notice, in knee-jerk fashion . . . without demonstrating why responses to written interrogatories [and a document demand] were somehow lacking. Any other result would . . . subvert the purpose of no-fault laws . . . , [viz.,] the prompt payment of first-party benefits . . . [and unduly] magnify the expense of litigation” (Vladimir Zlatnick, M.D., P.C. v Government Empls. Ins. Co., 2 Misc 3d at 353).
Lowe, III, EJ., Schoenfeld and Hunter, Jr., JJ., concur.